UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MICRON TECHNOLOGY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 18-cv-07689-LB<br><br>**ORDER (1) ADJUDICATING DISCOVERY DISPUTES, (2) DENYING PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO MOTION FOR JUDGMENT ON THE PLEADINGS, AND (3) PROVISIONALLY DENYING MOTIONS TO SEAL**<br><br>Re: ECF Nos. 112–15 |

The court assumes the reader's familiarity with the subject matter and procedural history of this case. The plaintiffs (collectively, "Micron") and defendant Falvey Mutual Insurance Co. ("Falvey") collectively filed five motions that are currently pending: a motion by Falvey for judgment on the pleadings or, in the alternative, or summary judgment ("MJP/MSJ Motion"),[1] a joint discovery letter brief,[2] a motion by Micron to enlarge its time to respond to Falvey's

---

[1] Falvey MJP/MSJ Mot. – ECF No. 109. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Discovery Letter Br. – ECF No. 113.

ORDER – No. 18-cv-07689-LB

MJP/MSJ Motion,[3] and two administrative motions to seal excerpts of the transcript of the deposition of John Michael Falvey that the parties attached to their filings.[4] The court can decide the motions without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court does not rule on Falvey's MJP/MSJ Motion (which is not fully briefed) but rules on the other motions as follows. The court (1) denies several of Micron's discovery requests and issues guidance regarding the others, (2) denies Micron's motion for enlargement of time, and (3) provisionally denies the motions to seal.

## 1. Discovery Letter Brief

Topics 19–21: Micron's requests call for the "number and types" of insurance policies and the "total premiums or amounts paid" for insurance.[5] They do not call for all documents concerning or related to insurance policies or insurance payments. At the July 25, 2019 discovery hearing, Micron confirmed that it was requesting only statistics (as opposed to documents).[6] There is nothing in these requests that prevents Falvey from responding in chart form. Micron identifies no agreement or order compelling Falvey to produce specific documents in response to these requests, much less "all of the Cargo 2.0 [database] documents."[7] Micron's request that the court compel production of documents from Falvey's Cargo 2.0 database in response to these requests and order a further deposition on these topics is denied.

Topics 22–24: Micron's requests call for "[a]ny instructions or authorizations" Falvey received from underwriters or "[a]ny actions" taken by Falvey for underwriters.[8] They do not call for other documents such as materials that Falvey may have gathered or generated to present to

---

[3] Pls. Mot. for Enlargement of Time – ECF No. 114.

[4] Mots. to Seal – ECF No. 112, 115.

[5] Pls. Reqs. – ECF No. 113-1 at 7 (¶¶ 19–21).

[6] Hr'g – ECF No. 103 at 12:33–12:36 (THE COURT: "And these are stats, right? These are stats that you're asking for?" MICRON: "Yep.").

[7] *Contra* Joint Letter Br. – ECF No. 113 at 3.

[8] Pls. Reqs. – ECF No. 113-1 at 7 (¶¶ 22–24).

ORDER – No. 18-cv-07689-LB    2

underwriters. Micron's request that the court compel further productions of documents in response to these requests and order a further deposition on these topics is denied.

Topic 5: Micron's request calls for communications relating to the Falvey Cargo Underwriting policy number MC-2388/WC-2388, effective June 15, 2017 to June 15, 2018 (the "Policy").[9] To the extent Micron seeks documents related to a "bank of clauses" that Falvey uses in writing endorsements to insurance policies generally that are not related to the specific Policy at issue, such documents fall outside the scope of its request. To the extent that Micron seeks internal Falvey communications about the specific Policy at issue, however, such communications may be responsive to its request. Contrary to Falvey's position, Micron's request is not limited to external communications (with brokers, agents, underwriters, or Micron) and may include internal communications as well.[10] With that guidance, the court directs the parties to further meet and confer regarding this topic.[11]

Topic 16: Micron's request calls for communications between Falvey and underwriters related to the Policy or Micron's insurance claims.[12] Micron claims that Falvey did not produce certain "electronic diary entries chronicling meeting with Micron and/or Underwriters."[13] Falvey responds that what Micron calls "electronic diary entries" are Outlook calendar entries that are "not a hundred percent accurate" and that, in any event, show only dates and possibly attendees to a meeting.[14] Assuming the documents in question are simply calendar entries that show only dates

---

[9] *Id.* at 5 (¶ 5); *see also id.* at 4 (¶ 10) (defining "Policy").

[10] *Id.* at 5 (¶ 5) (requesting communications "including without limitation" external communications, not only external communications); *contra* Joint Letter Br. – ECF No. 113 at 5.

[11] The parties reported back in July that they had reached an agreement regarding Topic 5, Joint Letter Br. – ECF No. 100 at 1, so the court's prior June 25, 2017 discovery order did not address this request or order any specific production in response to this request. The court expresses no further opinion at this juncture regarding this request, including no opinion regarding its scope or any potential relevance or proportionality issues.

[12] Pls. Reqs. – ECF No. 113-1 at 6 (¶ 16).

[13] Joint Letter Br. – ECF No. 113 at 3.

[14] *Id.* at 5.

1  and attendees, they are not communications between Falvey and underwriters that fall within the
2  scope of Micron's request.

3  Deposition: Micron complains that Falvey's counsel instructed Falvey's Rule 30(b)(6) deponent not to answer questions.[15] Micron does not ask for any relief with respect to this issue.[16] The court reminds all parties that they must comply with the Federal Rules of Civil Procedure and comport themselves accordingly. Beyond that, the court declines to issue an advisory opinion on this issue.

## 2. Motion for Enlargement of Time

Falvey filed its MJP/MSJ Motion on September 30, 2019. Micron's opposition is due on October 15, 2019. N.D. Cal. Civ. L.R. 7-3(a).[17] Micron asks that its time to file its opposition be enlarged until 14 days after it completes jurisdictional discovery, amends its complaint, and receives Falvey's response to its amended complaint or, in the alternative, until November 22, 2019.[18] The court denies Micron's request.

Micron says that discovery must be completed before it responds to Falvey's motion. Falvey's motion for judgment on the pleadings is subject to the same standard as a motion to dismiss, where the court determines whether the allegations in the complaint, taken as true, are sufficient to state a claim. On a motion for judgment on the pleadings, the court is limited to the four corners of the complaint, documents incorporated by reference, and matters of which the court can take judicial notice. Given that limited standard of review, Micron does not establish why discovery is necessary for it to respond to Falvey's motion.[19]

---

[15] Joint Letter Br. – ECF No. 113 at 3.

[16] *See id.*

[17] Micron's opposition normally would be due 14 days later, i.e., on October 14, 2019, but that is Columbus Day, so its opposition is due instead on October 15.

[18] Pls. Mot. for Enlargement of Time – ECF No. 114 at 2.

[19] To the extent that Falvey is moving for summary judgment and Micron cannot present facts essential to justify its opposition, it can file a motion under Federal Rule of Civil Procedure 56(d), subject to the requirements of that rule.

ORDER – No. 18-cv-07689-LB  4

United States District Court
Northern District of California

1  Additionally, Micron's requested extension is overly long. As Micron acknowledges, there currently is no set date by which Micron must amend its complaint.[20] Its proposal to enlarge its time to file its opposition to Falvey's MJP/MSJ Motion until 14 days after it files an amended complaint and receives Falvey's response to its amended complaint thus threatens to stay Falvey's motion indefinitely. This is inappropriate. Micron's alternative request to enlarge the time for its opposition to November 22, 2019 is a request for an extension of over a month. Micron has not established why it needs such a long extension.[21]

The court denies Micron's request for an enlargement of time.

### 3. Motions to Seal

Micron filed a motion to seal an excerpt of the transcript of the deposition of John Michael Falvey that the parties attached as Exhibit C to their joint discovery letter brief.[22] Micron appears to have filed this motion to seal solely because Falvey designated the transcript confidential and attorney's eyes only.[23] Micron does not independently request sealing.[24]

Falvey filed a motion to seal an excerpt of the deposition of Mr. Falvey that it attached as Exhibit A to its opposition to Micron's motion for enlargement of time.[25]

Both motions to seal ask that the respective exhibits be sealed in their entireties.

The court provisionally denies the motions to seal for failure to comply with Local Rule 79-5. Under Local Rule 79-5, "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law," and any request for sealing "must be narrowly tailored to seek sealing

---

[20] *Id.* at 5.

[21] Additionally, extending Micron's deadline to file its opposition to November 22 would make Falvey's deadline to file its reply November 29, N.D. Cal. Civ. L.R. 7-3(c), forcing Falvey to work over the Thanksgiving holiday to accommodate Micron and its preferred schedule.

[22] Mot. to Seal – ECF No. 112.

[23] *Id.* at 2.

[24] *See id.*

[25] Mot. to Seal – ECF No. 115.

ORDER – No. 18-cv-07689-LB  5

only of sealable material[.]" N.D. Cal. Civ. L.R. 79-5(b). Local Rule 79-5 provides that requests for sealing must be accompanied by (among other things) "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." N.D. Cal. Civ. L.R. 79-5(d)(1)(A). Local Rule 79-5 expressly states that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* Local Rule 79-5 also provides that if a party moves to file under seal a document designated as confidential by the opposing party pursuant to a protective order, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." N.D. Cal. Civ. L.R. 79-5(e)(1).

Micron filed its motion to seal on October 2, 2019, so (with the weekend) Falvey's declaration was due on October 7, 2019. Falvey did not timely submit a declaration in connection with Micron's motion to seal as required by Local Rule 79-5(e)(1).

Falvey submitted a declaration with its separate motion to seal. Its declaration does not comply with Local Rule 79-5, because the request for sealing was not narrowly tailored.

The court provisionally denies the motions to seal. The court extends Falvey one week to file supplemental requests to seal either or both of Exhibit C to the parties' joint letter brief and Exhibit A to its opposition to Micron's motion for enlargement of time. The requests must comply with (and include all attachments called for by) Local Rule 79-5(d)(1) and all other requirements set out in Local Rule 79-5. Among other things, the requests must be narrowly tailored and be accompanied by a declaration that establishes that those narrowly tailored portions of the transcript that Falvey seeks to keep under seal "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." If Falvey fails to timely submit supplemental requests to seal that comply with Local Rule 79-5, the court will unseal the exhibits.

**IT IS SO ORDERED.**

Dated: October 8, 2019

LAUREL BEELER
United States Magistrate Judge

ORDER – No. 18-cv-07689-LB                 6