UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MICRON TECHNOLOGY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 18-cv-07689-LB<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 188 |

The parties dispute whether Factory Mutual must search all of its files (hardcopy and electronic) or instead can supplement its responses with email searches for certain custodians.[1] The court can decide the dispute without oral argument. Civ. L. R. 7-1(b). Because Factory Mutual has represented that it has produced all relevant claims documents (which it maintains in a formal, comprehensive repository), the court generally adopts Factory Mutual's proposal.[2]

Rule 26(b)(1) of the Federal Rules of Civil Procedure describes the basic scope of discovery — *i.e.*, what information parties can rightly demand from one another:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and ***proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

---

[1] Joint Letter – ECF No. 188. Record citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

[2] *Id.* at 4–5.

ORDER – No. 18-cv-07689-LB

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

Micron wants Factory Mutual to search everywhere for responsive documents.[3] Factory Mutual contends that it has produced all relevant claims documents and everything in its OnBase file. It maintains all relevant communications there and it is the "formal, comprehensive depository for all claim-related documents." It will search emails for the custodians discussed in the last paragraph of page 5 (and discussed in the parties' emails).[4] The court orders those email searches.

This at minimum is a good place to start. Emails from relevant custodians can illuminate whether relevant information exists elsewhere. But given Factory Mutual's representation that it produced all underwriting documents for the underwriting of Micron's policy and all situational analyses related to Fab 11, the court does not order more because relevance is attenuated, and the burden of the discovery outweighs any likely benefit.

**IT IS SO ORDERED.**

Dated: May 26, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] *Id.* at 2–3.

[4] *Id.* at 3–5.