UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MICRON TECHNOLOGY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 18-cv-07689-LB<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 191 |

In this action concerning whether Micron's insurance policy with Factory Mutual covers business loss and damage that Micron suffered, the parties dispute whether Factory Mutual should have to produce certain engineering data sheets and related documents and communications. The parties disagree about whether the data sheets are relevant. At Micron's request, the court reconsiders its prior discovery order on this issue as it concerns the data sheets.[1] The court can decide the dispute without oral argument. Civ. L. R. 7-1(b).

Rule 26(b)(1) of the Federal Rules of Civil Procedure describes the basic scope of discovery — *i.e.*, what information parties can rightly demand from one another:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

---

[1] Request for Partial Reconsideration – ECF No. 191.

ORDER – No. 18-cv-07689-LB

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Micron's supplemental briefing did a better job of explaining what Micron is seeking and why the data sheets are relevant to its claims, and the court now grants its request. The data sheets Micron requests address the same type of loss and damage to the same type of equipment that Micron alleges was damaged in this case, and the data sheets are thus relevant to show Factory Mutual's appetite for risk and intent regarding what Micron's policy with them would cover. Factory Mutual's contention — that the data sheets are irrelevant because they do not directly address the insurance policy terms, provisions, or coverage — is an overly narrow view of relevance. Factory Mutual's statements on the type of loss that Micron suffered — as stated in the data sheets — are relevant to Micron's claims for coverage of those losses.

Micron submits that these documents are centrally located and easily collected such that any burden of producing them will be minimal.[2] Factory Mutual does not dispute this contention or address the burden or proportionality of producing these documents at all.[3] The court thus finds no reason why it should not order the production of these relevant documents.

The court orders Factory Mutual to produce the eight data sheets Micron identified and related documents and communications.[4]

**IT IS SO ORDERED.**

Dated: July 7, 2021

LAUREL BEELER
United States Magistrate Judge

---

[2] *Id.* at 1.

[3] Response – ECF No. 193 at 1–4.

[4] Ex. A to Discovery Letter – ECF No. 188-1 at 9–10 (identifying data sheets 5-1, 5-18, 5-20, 5-24, 5-49, 7-7, 7-35, and 10-8).