UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MICRON TECHNOLOGY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 18-cv-07689-LB<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 206 |

## INTRODUCTION AND STATEMENT

The parties dispute whether the defendant, Factory Mutual, appropriately redacted certain documents it produced in discovery.[1] The plaintiffs contend that the redactions are improper because "relevance" redactions are disfavored and are not justified here because the redactions obscure the overall context of the documents.[2] The plaintiffs argue that the redacted material relates to the same type of equipment and same type of loss at issue in this insurance coverage action and, thus, is relevant to defendant's "risk appetite" and intent concerning coverage.[3] The defendant contends that the redacted material is not relevant because it does not relate to the "same

---

[1] Joint Disc. Ltr. – ECF No. 206 at 1–5. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1–2.

[3] *Id.* at 2.

ORDER – No. 18-cv-07689-LB

1   type of equipment" involved in the subject loss.[4] The defendant also appears to object to

2   producing documents "containing slides on specific [Factory Mutual] client loss histories."[5]

3   Because the subject documents are relevant and accepting the redactions would allow the

4   defendant to unilaterally determine relevancy, the court orders the production of the documents

5   without redaction.

## ANALYSIS

So-called relevancy redactions are not prohibited but are generally disfavored outside of certain limited circumstances. *Kellman v. Whole Foods Mkt. California, Inc.*, No. 17-CV-06584-LB, 2021 WL 4476779, at *2 (N.D. Cal. Sept. 30, 2021). For example, in *Barnes v. Equinox Group*, the court permitted a class representative to redact non-responsive private information from bank statements that otherwise contained relevant information concerning the class representative's "side business." No. C 10-03586 LB, 2012 WL 13060044, at *3–4 (N.D. Cal. June 14, 2012). On the other hand, in *Francisco v. Emeritus Corp.*, the court disallowed relevancy redactions to an employee handbook in a wage-and-hour action even though the defendant offered to allow the plaintiff to identify relevant sections of the handbook by reference to a table of contents because "[n]either Plaintiff nor the Court [could] say with confidence that the only relevant portions of the handbook can be discerned from a review of a table of contents." No. CV 17-2871 BRO (SSX), 2017 WL 11036693, at *6 (C.D. Cal. Sept. 5, 2017).

Here, the line that the defendant is attempting to draw between relevant and irrelevant is not so clear cut. The data sheets at issue (meaning the prior versions of the data sheets and other documents related to their development that defendant redacted) concern "loss prevention recommendations for air separation processes."[6] This court has already stated that, "[t]he data sheets . . . address the same type of loss and damage to the same type of equipment that Micron

---

[4] *Id.* at 3–4.
[5] *Id.* at 5.
[6] *Id.* at 3; Ex. A to Joint Disc. Ltr. – ECF No. 206-1 at 4.

ORDER – No. 18-cv-07689-LB                 2

alleges was damaged in this case, and the data sheets are thus relevant to show Factory Mutual's appetite for risk and intent regarding what Micron's policy with them would cover."[7] The defendant's argument that some sections are irrelevant because those sections address specific kinds of equipment that were not present at the subject facility is not persuasive.

Allowing the defendant's unilateral redactions would — even considering the "Redaction Log" — force the plaintiffs and the court to accept the defendant's view of relevancy. Courts have rejected relevancy redactions under similar circumstances. *See Francisco v. Emeritus Corp.*, 2017 WL 11036693, at *6. The repetitive and categorical statements in the defendant's "Redaction Log" do not establish a basis to conclude that the redacted material is not relevant. For example, the defendant's statements in the "Redaction Log" that "'the production of ultra-pure nitrogen is not included in the scope of this data sheet'" and "[t]he redaction relates to the use of non combustible construction at air separation facilities[ ]" are too broad to permit the court or parties to evaluate relevancy, especially in view of the technical nature of the subject matter.[8] Further, the existing Protective Order should be sufficient to prevent unnecessary disclosure of sensitive commercial information.[9]

## CONCLUSION

The court orders Factory Mutual to produce the currently redacted documents (data sheets and related emails) that are the subject of the parties Joint Discovery Letter (ECF No. 206) in an unredacted form within fourteen (14) days of the date of this order.

**IT IS SO ORDERED.**

Dated: January 28, 2022

LAUREL BEELER
United States Magistrate Judge

---

[7] Disc. Order – ECF No. 194 at 2.

[8] Ex. B to Joint Disc. Ltr. – ECF No. 206-2 at 2.

[9] Order Granting Stip. Protective Order – ECF No. 106; Joint Disc. Ltr. – ECF No. 206 at 2 (referencing Protective Order).