1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICRON TECHNOLOGY, INC., et al.,

Plaintiffs,

v.

FACTORY MUTUAL INSURANCE COMPANY,

Defendant.

Case No. 3:18-cv-07689-LB

**DISCOVERY ORDER**

Re: ECF No. 218

**INTRODUCTION**

The parties dispute whether Factory Mutual must produce discovery about claims made by other insureds involving losses under the same or similar policy language to that governing Micron's claimed loss here.[1] The discovery about claims is relevant to the interpretation of "physical loss or damage" under the insurance contract.[2] Factory Mutual's concerns about burden and proportionality are addressed by limiting the discovery to the semiconductor industry. The court orders Factory Mutual to produce the discovery for claims involving the same or similar insurance-contract language for claims in the semiconductor industry (meaning semiconductor fabrication plants).

---

[1] Joint Disc. Ltr. – ECF No. 218 at 1–6. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.
[2] *Id.* at 3.

Order – No. 18-cv-07689-LB

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATEMENT**

Micron seeks documents about "other claims" after January 1, 2014, involving comparable losses, specifically including the following: (1) claims arising from certain faults or malfunctions, for example, claims involving safety interlocks, control systems, or level transmitters (*see* Micron's Requests for Production Nos. 62–67); (2) claims involving the invocation of certain exclusions, such as exclusions for losses while stock or material is being "worked on" or for losses based on "inherent vice or latent defect" (*see* Micron's Requests for Production Nos. 68–74); and (3) losses at certain times and places, for instance, an Intel claim for damage to a "semiconductor fab" in Ireland in 2020 or 2021 and a claim by Fushun Ethylene in China in 1997 (*see* Micron's Requests for Production Nos. 75–78).[3] Factory Mutual claims that Micron agreed to limit the universe of "other claims" to those in the semiconductor industry.[4] Micron denies that it agreed to limit the "other claims" documents it is seeking to claims in the semiconductor industry.[5]

Factory Mutual admits that its "records show there were 92 claims in the semiconductor industry after January 1, 2014."[6] Apparently, 47 of the 92 claims involve "perils" that overlap with the "perils" involved in the subject claim.[7] Based on the parties' joint letter brief, the term "peril" means discrete categories of insured perils (*e.g.*, "Fire," "Earthquake," and "Mechanical Breakdown") and claims may involve one or more "perils."[8] In this regard, Micron contends that "[t]he categories of perils involved in the Micron claim according to [Factory Mutual's] claim adjuster and engineer notes . . . include Fire (20), Electrical Breakdown (12), Mechanical Breakdown (1), Pressure equipment breakdown (1), Service Interruption (7), Impact (1), Miscellaneous (2) and Temperature change (3)."

---

[3] *See* Req. for Prod., Ex. A to Admin. Mot. – ECF No. 219-2 at 7–10; Resp. to Req. for Prod., Ex. B to Admin. Mot. – ECF No. 219-3 at 5–14.

[4] Joint Disc. Ltr. – ECF No. 218 at 4.

[5] *Id.* at 2 ("Micron never agreed as FM contends to limit its requests to the semiconductor industry.").

[6] *Id.* at 4 ("During meet and confer discussions, the parties agreed to restrict the requests in RFPD3 to 'Other claims' after January 1 2014, in the semiconductor industry only.").

[7] *Id.* at 4 n.5 ("The spreadsheet [showing the electronic information available to Factory Mutual] will allow the court to assess for itself that the claims, including the 47 claims that Micron presumes must be produced simply because of the category of 'peril' Micron references, do not relate to Micron's claim.").

[8] *Id.* at 2 n.3, 4 n.5.

Order – No. 18-cv-07689-LB                    2

1    Factory Mutual asserts that losses involving "Wind and Hail" or "Earthquake" are immaterial

2    even if those claims are in the semiconductor industry.[9] Factory Mutual also asserts that the other

3    semiconductor industry claims — even those claims involving perils that are more similar to the

4    perils at issue in Micron's claim (*e.g.*, Fire, Electrical Breakdown, Service Interruption) — are

5    irrelevant because they were not "allegedly caused by the failure of any piece of equipment akin to

6    an analyzer or sensor."[10] In sum, Factory Mutual asserts that "none [of the other semiconductor

7    claims after 2014] is comparable to Micron's Fab 11 loss and claim."[11]

8    Factory Mutual also contends that producing the materials would be burdensome because it

9    would have to review the responsive files to determine (1) whether material in the file is subject to

10   a non-disclosure agreement and (2) how to comply with any such agreements.[12] This would likely

11   take "well in excess of 200 manhours" to review the claims data that fits within the parties' agreed

12   search parameters and "to confirm with absolute certainty" that claims data is not relevant.[13]

13   Micron asserts that Factory Mutual can simply search its electronic database because its "claim

14   files are electronically stored in 'OnBase,' [Factory Mutual's] internal claims management

15   system."[14] To support this point, Micron cites an earlier letter brief where Factory Mutual stated

16   that "[t]he [OnBase] claim file is the formal, comprehensive repository for all claim-related

17   documents."[15] In response, Factory Mutual states that it "does not maintain in a searchable format

18   information regarding what specific coverages or exclusions were relevant to a claim or relied on

19   during adjustment."[16] In this regard, Factory Mutual offered to "provide the court, in camera, an

20   excel spreadsheet showing the electronic information available to [Factory Mutual] without the

21   need to manually review each claim."[17]

22   To justify the potential burden on Factory Mutual and support its assertion that Factory Mutual

23

24   [9] *Id.* at 4.
     [10] *Id.*

25   [11] *Id.* at 5.

     [12] *Id.* at 4–5.
26   [13] *Id.* at 5.

27   [14] *Id.* at 3.
     [15] Joint Disc. Ltr. – ECF No. 188 at 4; *see* Joint Disc. Ltr. – ECF No. 218 at 3.
28   [16] Joint Disc. Ltr. – ECF No. 218 at 5.
     [17] *Id.* at 4 n.5.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   has material that is relevant and responsive to its discovery requests, Micron cites deposition

2   testimony from a Factory Mutual claims adjuster, Simon Ko, who testified that he adjusted

3   numerous claims of other insureds involving safety interlocks and electrical equipment that failed to

4   operate as intended (issues that are similar to issues involved in Micron's claim).[18] In response,

5   Factory Mutual claims that this testimony is irrelevant because Mr. Ko was not referring to claims

6   in the semiconductor industry.[19] Micron also claims that Factory Mutual's handling of a claim by

7   Intel is relevant to Micron's claim because the adjuster handling the Micron claim shared material

8   supporting the denial of Micron's claim with the adjuster handling the Intel claim.[20] Factory

9   Mutual, noting that Intel is a competitor of Micron, contends that the Intel claim cannot be relevant

10   because it "involves different issues and is still being adjusted."[21]

11      Micron asks the court to order Factory Mutual "to search for and produce all 'other claims'

12   materials responsive to Micron's written discovery requests, including without limitation the 47 of

13   92 other claim files in the semiconductor industry identified to date."[22] Factory Mutual asks the

14   court to "deny Micron's request to require [Factory Mutual] to produce claims files from the

15   claims after 2014 in the semiconductor industry."[23]

16

17                                    **ANALYSIS**

18      Rule 26(b)(1) of the Federal Rules of Civil Procedure describes the basic scope of discovery:

19      Parties may obtain discovery regarding any nonprivileged matter that is relevant to
         any party's claim or defense and proportional to the needs of the case, considering
20      the importance of the issues at stake in the action, the amount in controversy, the
         parties' relative access to relevant information, the parties' resources, the
21      importance of the discovery in resolving the issues, and whether the burden or
         expense of the proposed discovery outweighs its likely benefit. Information within
22      this scope of discovery need not be admissible in evidence to be discoverable.

23   Fed. R. Civ. P. 26(b)

24

25   [18] *Id.* at 2.
     [19] *Id.* at 5.
26   [20] *Id.* at 2.
     [21] *Id.* at 5.
27   [22] *Id.* at 3.
     [23] *Id.* at 5.
28

Order – No. 18-cv-07689-LB                    4

United States District Court
Northern District of California

1    Claims data involving other insureds may be relevant to an insurer's application of policy

2    language. *Pac. Hide & Fur Depot v. Great Am. Ins. Co.*, No. CV-12-36-BU-DLC, 2013 WL

3    11029340, at *3 (D. Mont. July 31, 2013) ("[T]his Court finds that claims between Defendant and

4    other insureds with policies similar to Plaintiff's policy is relevant and discoverable."); *Ivy Hotel*

5    *San Diego, LLC v. Hous. Cas. Co.*, No. 10cv2183-L (BGS), 2011 WL 13240367, at *6 (S.D. Cal.

6    Oct. 20, 2011) ("Discovery of other insureds' claims files is relevant to show the insurer's

7    interpretation of the policy language at issue.") (cleaned up). Micron has pointed to evidence that

8    Factory Mutual relied on similar strategies to handle Micron's claim and a separate claim by

9    Intel.[24] Micron also points to an excerpt from Mr. Ko's deposition where he describes his claims-

10   handling experience.

11       It is not clear from the excerpt of Mr. Ko's deposition whether the other claims he adjusted

12   involving safety interlocks (the type of equipment involved in the subject claim) were in the

13   semiconductor industry.[25] Nonetheless, Mr. Ko did testify that he adjusted "four to five" claims

14   arising from losses at "semiconductor Fabs" and Factory Mutual has not demonstrated that these

15   other claims are irrelevant.[26] For instance, Factory Mutual states that "Mr. Ko identified all his

16   prior semiconductor adjusting experience and testified that none of those involved safety

17   interlocks or electrical equipment failing to operate as intended — with the exception of the

18   Micron claim."[27] But Factory Mutual did not cite any specific deposition testimony supporting this

19   point and the deposition excerpt attached to the joint letter brief does not support Factory Mutual's

20   assertion.[28]

21

22   _____

23   [24] Joint Disc. Ltr. – ECF No. 218 at 2.

     [25] Micron previously stated that "[Factory Mutual] itself has referred to certain equipment being
     involved in the Accident as 'safety interlocks' between other, various pieces of equipment." Joint Disc.

24   Ltr. – ECF No. 206 at 2 n.3.

     [26] *See* Ko Dep, Ex. D to Admin. Mot. – ECF No. 219-4 at 6.

25   [27] Joint Disc. Ltr. – ECF No. 218 at 5.

26   [28] In the deposition excerpt the parties provided, Mr. Ko testified that he had not adjusted other claims
     at "semiconductor Fabs" involving an "air separate plant," "liquid level transmitter," O2 analyzer,"

27   nitrogen purifier," "oxygen excursion," or "nitrogen supply incident." Ko Dep, Ex. D to Admin. Mot.
     – ECF No. 219-4 at 9–10. This testimony does not support Factory Mutual's assertion that none of Mr.

28   Ko's semiconductor claims involved safety interlocks or electrical equipment failing to operate as
     intended.

     Order – No. 18-cv-07689-LB                     5

1    Factory Mutual argues that all of the "other claims" in the semiconductor industry "are wholly

2    distinguishable from Micron's" claim.[29] Regarding Intel's claim, Factory Mutual points out that

3    (1) "Intel is a direct competitor to Micron" and (2) Intel's loss "is not finalized, [and] occurred

4    almost 3 years after Micron's Fab 11 loss."[30] The fact that a claim may be "distinguishable" from

5    Micron's loss or involve a direct competitor does not necessarily make the claim irrelevant.

6    Factory Mutual even concedes that some of the "other claims" data might be relevant.[31] Thus,

7    Micron has met its burden to show that the other claims data it seeks satisfies the relevancy

8    requirements of Rule 26(b)(1).

9    The burden issues raised by Factory Mutual do not warrant denying the discovery requests.

10   First, the apparent difficulty associated with searching its own files is not an adequate basis to

11   shield itself from discovery requests. *Lou v. Ma Lab'ys, Inc.*, No. 12-cv-05409 WHA (NC), 2013

12   WL 12328278, at *2 (N.D. Cal. Mar. 28, 2013), *clarified on denial of reconsideration*, No. 12-cv-

13   05409 WHA (NC), 2013 WL 1615785 (N.D. Cal. Apr. 15, 2013) ("[D]efendants are the master of

14   their own record keeping."). Furthermore, at least some data concerning the other claims is

15   searchable through Factory Mutual's "OnBase" system. Second, the potential confidentiality

16   issues can be addressed through the existing protective order (ECF No. 106) or, if necessary, an

17   amended protective order. Third, the subject discovery requests are not a blanket demand for all

18   "other claims" data but are instead limited to other claims with certain characteristics. And

19   limiting the data that must be produced in response to the discovery requests to only other claims

20   involving the semiconductor industry adequately ensures that the scope of the discoverable other

21   claims data is proportional to the needs of the case.

22   This order is without prejudice to Micron's ability to seek data concerning other claims outside

23   of the semiconductor industry on a specific showing of relevancy.

[29] Joint Disc. Ltr. – ECF No. 218 at 4.
[30] *Id.* at 5.
[31] *Id.* at 5.

United States District Court
Northern District of California

Order – No. 18-cv-07689-LB                6

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

The court orders Factory Mutual to produce, within twenty-one days of the date of this order,

all documents responsive to Micron's Requests for Production Nos. 62–78 for claims in the

semiconductor industry (meaning semiconductor fabrication plants).

**IT IS SO ORDERED.**

Dated: May 26, 2022

_____

LAUREL BEELER
United States Magistrate Judge