United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICRON TECHNOLOGY, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:18-cv-07689-LB<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 225 |

## INTRODUCTION

The parties dispute whether Mike Mueller, a former employee of the defendant, Factory Mutual, must appear for a deposition despite his non-disclosure agreement (NDA), and whether the court should grant leave for the plaintiff, Micron, to conduct more than ten depositions.[1] Mr. Mueller appears to have relevant non-cumulative knowledge and the NDA does not prevent him from being deposed. The additional depositions that Micron asks for are permissible because the witnesses have unique information concerning Micron's claim and the coverage provided by its policy with Factory Mutual. Therefore, the court orders Mr. Mueller to appear for deposition and grants leave for Micron to conduct the three additional depositions requested in the Joint

---

[1] Joint Disc. Ltr. – ECF No. 225 at 1–7. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

1  Discovery Letter (ECF No. 225).

2  **STATEMENT**

3  Micron asks the court to compel the deposition of Mike Mueller, a former Factory Mutual
4  branch underwriting manager assigned to Micron's account.[2] Micron argues that Mr. Mueller has
5  relevant testimony because he approved the inclusion of certain "policy terms and provisions,
6  renewals, and coverage extensions" and that he "sought . . . to preserve the client relationship"
7  between Micron and Factory Mutual after the accident at Micron's facility.[3] Factory Mutual
8  argues that Mr. Mueller's testimony would be cumulative and that the NDA between Mr. Mueller
9  and Factory Mutual precludes him from providing the testimony Micron seeks.[4]

10  Micron also asks the court to allow it to take more than ten depositions.[5] Micron has currently
11  conducted eight depositions and the parties agree that Mr. Mueller (former branch underwriting
12  manager) and Rick Sunny (Vice President/Operations Claims Manager of San Francisco
13  Operations) will be deposed next (assuming the court compels Mr. Mueller's deposition).[6]
14  Therefore, Micron wants to depose the following additional witnesses over the ten allowed by
15  Rule 30(a)(2) and the Pre-Trial Order (ECF No. 99 at 3): (1) Mark Romman (Claims Manager);
16  (2) Darren Benson (Head of Claims); and (3) Gregory Buchholz (Factory Mutual's last account
17  engineer for Micron and a participant on Factory Mutual's Nitrogen Purifier Task Force).[7]

18  Neither party addresses precisely what relevant information Mr. Romman has, but Factory
19  Mutual appears to concede that it would not challenge his deposition if it was included with the
20  allowed ten depositions.[8]

21  Regarding the other witnesses, Factory Mutual argues that Micron has already deposed four
22  witnesses on claims handling practices and that Mr. Benson's deposition would be cumulative.[9]

---

[2] *Id.* at 1–3.
[3] *Id.* at 2.
[4] *Id.* at 5–6.
[5] *Id.* at 3–4.
[6] *Id.* at 3.
[7] *Id.*
[8] *Id.* at 4 n.4 ("Micron has already taken 8 depositions and, with the agreed depositions of Mr. Sunny and Mr. Romman, will reach ten.").
[9] *Id.* at 4.

United States District Court
Northern District of California

1   Micron states that Mr. Buchholz participated in an internal risk assessment discussion that resulted

2   from the subject accident and that his testimony would relate to how Factory Mutual evaluated

3   risks at semiconductor fabrication plants like the one at issue in this case.[10] Micron, thus, believes

4   Mr. Buchholz has information relevant to what Micron's policy covered.[11] Factory Mutual asserts

5   that Mr. Buchholz's testimony would be cumulative and irrelevant. In this regard, Factory Mutual

6   notes that Micron has deposed other engineers who inspected the facility and contends that the

7   post-loss evaluation of future risks is irrelevant to the meaning of policy terms.[12]

## ANALYSIS

The issues are (1) whether the NDA precludes Mr. Mueller from testifying at a deposition regarding material covered by the NDA and (2) whether Micron should be granted leave to conduct more than ten depositions.

**1. The NDA**

Courts in this district and others have recognized that an NDA cannot be used to shield information from discovery. *Multiven, Inc. v. Cisco Sys., Inc.*, No. C08-05391 JW (HRL), 2010 WL 583955, at *3 (N.D. Cal. Feb. 16, 2010) ("It is an 'unremarkable proposition' that an NDA 'will not stand as a barrier to discovery between two parties in litigation.'") (quoting *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 922 (D. Nev. 2006)); *Unigestion Holdings, S.A. v. UPM Tech., Inc.*, No. 3:15-cv-185-SI, 2021 WL 7710796, at *5 (D. Or. Oct. 19, 2021) ("The Court generally agrees with [the defendant] on this point [that a witness may not refuse to answer based on a non-disclosure agreement] and hereby orders that an NDA is an insufficient basis to decline to answer a question at a Rule 30(b)(6) deposition."); *BLK Enters., LLC v. Unix Packaging, Inc.*, No. CV 18-2151-SVW (KS), 2018 WL 5993841, at *4 (C.D. Cal. Sept. 26, 2018) (holding that "parties cannot simply vitiate their discovery obligations by asserting third party privacy rights based on NDAs"); *Shvartser v. Lekser*, 270 F. Supp. 3d 96, 98 (D.D.C. 2017) ("[T]he non-disclosure agreement itself does not confer a legal privilege from discovery on any documents that were not

---

[10] *Id.* at 3.
[11] *Id.* at 3–4.
[12] *Id.* at 4–5.

3

already privileged.").

While Factory Mutual points out various ways in which the cases Micron relies upon are distinguishable, Factory Mutual has not pointed to any case holding that an NDA precludes an individual from providing relevant testimony.[13] Moreover, the distinction that Factory Mutual draws between the facts in this case and those in *Unigestion* does not warrant departing from the usual rule concerning the inability of an NDA to bar discovery.

In *Unigestion*, the court held that an NDA did not bar a Rule 30(b)(6) witness from testifying on matters covered by the NDA. 2021 WL 7710796, at *5. Factory Mutual suggests that the situation is meaningfully different here because Factory Mutual is not producing Mr. Mueller as a Rule 30(b)(6) witness. For instance, Factory Mutual states that "it makes sense that a party cannot produce a 30(b)(6) witness only to seek to limit testimony by invoking the terms of an NDA."[14] But the rule articulated in *Unigestion* and the other cases noted above does not depend on the circumstances under which a witness is produced. Rather, the rule concerns the propriety of using an NDA to shield information from discovery.

Thus, the NDA does not bar Mr. Mueller's deposition. His testimony may, of course, be marked "Confidential" or "Attorneys' Eyes Only" consistent with the existing Protective Order (ECF No. 106). Additionally, given Mr. Mueller's involvement in approving Micron's policy terms and handling the subject claim, he likely has relevant and non-cumulative information. Therefore, Mr. Mueller is ordered to appear for his deposition at a mutually agreed time and place.

**2. Excess Depositions**

Rule 30(a)(2) limits the number of depositions that each side may take without leave or stipulation to ten. "A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery." *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). "When evaluating a party's request to expand discovery limitations, the court must ensure that the discovery sought is 'relevant to [the] party's claim[s] or defense[s]' and not unreasonably cumulative, duplicative, or

---

[13] *Id.* at 5–6.
[14] *Id.* at 6.

burdensome." *Newport v. Burger King Corp.*, No. C-10-04511-WHA (DMR), 2011 WL 3607973, at *1 (N.D. Cal. Aug. 16, 2011) (quoting Fed. R. Civ. P. 26(b)).

Regarding the three additional witnesses Micron seeks to depose, Factory Mutual does not contest Micron's request to depose Mr. Romman but does object to the other two depositions. According to Factory Mutual, Mr. Benson's deposition would be cumulative because Micron has already deposed claims handling personnel. Micron, however, points out that Mr. Benson, who was a Senior Vice President/Head of Claims had "higher dollar authority than other claims personnel."[15] Factory Mutual does not contest this fact. Given Mr. Benson's greater authority relative to other claims personnel, he likely has unique information concerning the handling of Micron's claim and his deposition would not be unreasonably cumulative.

Concerning Mr. Buchholz, Factory Mutual also contends that his deposition would be cumulative. Mr. Buchholz "was part of an engineering group formed by [Factory Mutual] to evaluate whether [Factory Mutual] could continue to insure [semiconductor fabrication plants] and if so on what terms."[16] Contrary to Factory Mutual's assertion, it does seem that Mr. Buchholz's post-loss risk assessment work is relevant because Factory Mutual's main interest would have been assessing risks that might result in covered losses and not other risks. Therefore, the nature of Mr. Buchholz's post-loss work may shed light on the scope of coverage provided by Micron's policy with Factory Mutual.

## CONCLUSION

The court orders Mr. Mueller to appear for deposition at a mutually agreed time and place and grants Micron leave to depose the following individuals: (1) Mark Romman; (2) Darren Benson; and (3) Gregory Buchholz.

**IT IS SO ORDERED.**

Dated: May 26, 2022

LAUREL BEELER
United States Magistrate Judge

---

[15] *Id.* at 3 n.3.
[16] *Id.* at 4.

5