UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MICRON TECHNOLOGY, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:18-cv-07689-LB<br><br>**ORDER DENYING IN PART AND GRANTING IN PART FACTORY MUTUAL'S MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 234 |

## INTRODUCTION

Factory Mutual moved for reconsideration of the court's order (ECF No. 229) compelling it to respond to Micron's discovery requests seeking information about claims made by other insureds involving losses under the same or similar policy language to that governing Micron's claimed loss here.[1] Factory Mutual brought its motion under Civil Local Rule 7-9 and Federal Rule of Civil Procedure 54(b).[2] It argues that reconsideration is warranted because the court did not properly weigh the relevancy of the information against the burden on Factory Mutual and non-

---

[1] Req. for Leave to File Mot. for Recons. – ECF No. 234 (filed under seal at ECF No. 233-10). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 6.

ORDER – No. 18-cv-07689-LB

party insureds.³ Factory Mutual also argues that new facts have emerged concerning the burden on Factory Mutual. Factory Mutual specifically cites objections it has received from its insureds and details concerning the time spent on reviewing the subject claim files.⁴ Alternatively, Factory Mutual asks the court to certify the discovery order for interlocutory appeal under 28 U.S.C. § 1292(b).⁵

The court can decide the motion for reconsideration without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court denies Factory Mutual's request to generally relieve it of the obligation to produce responsive claim files of other insureds. But the court amends its earlier order by (1) further limiting the scope of the production to documents that involve the interpretation or application of policy language and (2) providing the non-party insureds fourteen days to review their documents before production. To the extent the non-party insureds still object to the production of responsive documents after reviewing the documents, the parties are ordered to meet and confer regarding (1) modifications to the existing protective order or, failing that, (2) an agreement to redact trade secrets that the non-party insureds contend cannot be adequately shielded by a protective order.

## STATEMENT

In the underlying discovery dispute, Micron sought documents about "other claims" after January 1, 2014, involving comparable losses, specifically including the following: (1) claims arising from certain faults or malfunctions, for example, claims involving safety interlocks, control systems, or level transmitters (*see* Micron's Requests for Production Nos. 62–67); (2) claims involving the invocation of certain exclusions, such as exclusions for losses while stock or material is being "worked on" or for losses based on "inherent vice or latent defect" (*see* Micron's Requests for Production Nos. 68–74); and (3) losses at certain times and places, for instance, an Intel claim for damage to a "semiconductor fab" in Ireland in 2020 or 2021 and a claim by Fushun

---

³ *Id.* at 14–15.

⁴ Req. for Leave to File Mot. for Recons. (Sealed) – ECF No. 233-10 at 7–11.

⁵ Req. for Leave to File Mot. for Recons. – ECF No. 234 at 20–21.

Ethylene in China in 1997 (*see* Micron's Requests for Production Nos. 75–78).[6] The court ordered Factory Mutual to produce all documents responsive to Micron's Requests for Production Nos. 62–78 for claims in the semiconductor industry (meaning semiconductor fabrication plants).[7]

Factory Mutual cites technical problems it has encountered while preparing the other claim files for production, the number of hours its attorneys have spent reviewing the claim files, and objections it received from its insureds concerning the production of claim files.[8] Factory Mutual claims that the objections it received from its insureds are "new facts" because, even though it anticipated receiving these objections, the fact that they have actually occurred is a "new fact" warranting reconsideration.[9]

Factory Mutual has asked the court to amend its prior order by (1) denying Micron's request for the claim files of other insureds, (2) relieving Factory mutual of its obligation to produce the claim files of any objecting insured, or (3) "set[ting] an appropriate schedule that allows for addressing insureds' objections before any production to Micron is required, including appropriate adjustments to the case schedule that protect the rights of the non-party other insureds."[10]

## LEGAL STANDARDS

### 1. Motion for Reconsideration

This district's local rules provide that a motion for reconsideration must be based on one of the following: (1) "a material difference in fact or law" relative to that "which was presented to the Court before entry" of the subject order, (2) "[t]he emergence of new material facts or a change of law," or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." N.D. Cal. Civil L.R. 7-9(b).

---

[6] *See* Req. for Prod., Ex. A to Admin. Mot. (Sealed) – ECF No. 219-2 at 7–10; Resp. to Req. for Prod., Ex. B to Admin. Mot. (Sealed) – ECF No. 219-3 at 5–14.

[7] Order – ECF No. 229.

[8] Req. for Leave to File Mot. for Recons. (Sealed) – ECF No. 233-10 at 8–11.

[9] Reply – ECF No. 243 at 5.

[10] Req. for Leave to File Mot. for Recons. – ECF No. 234 at 21.

A district court can also "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Reconsideration is appropriate when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.*

## 2. Certification for Interlocutory Review

Section 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). A district court may certify an interlocutory appeal pursuant to § 1292(b) "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

The district court may certify an order for interlocutory appellate review under § 1292(b) if the following three requirements are met: (1) there is a "controlling question of law;" (2) there are "substantial grounds for difference of opinion;" and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *Id.*

The Ninth Circuit defines a controlling question as one in which the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id.* A question may be controlling even though its resolution does not determine who will prevail on the merits. *Id.* at 1026–27. But it is not controlling simply because its immediate resolution may promote judicial economy. *Id.* at 1027.

Regarding the second factor, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign

law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (cleaned up).

Finally, the Ninth Circuit has not expressly defined material advancement of the ultimate termination of the litigation. Still, an immediate appeal will not materially advance the ultimate termination of litigation where the appeal might postpone the scheduled trial date. *See Shurance v. Plan. Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988).

## ANALYSIS

### 1. Reconsideration

As noted above, there are, in general, three possible grounds for reconsideration: (1) differences in fact or law relative to what the court previously considered; (2) new facts or law; and (3) the failure to consider dispositive legal arguments. N.D. Cal. Civ. L.R. 7-9(b); *see also Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1263. There has been no change in controlling law. And the court has already considered the issues of relevancy and burden, which the parties presented in the underlying discovery dispute.[11] Accordingly, the issue is whether (1) the time Factory Mutual has spent preparing the production or (2) the concerns of non-party insureds warrant reconsidering the court's prior order.

The court has already ruled that material in the claims files may be relevant to the interpretation and application of policy language.[12] *See also Pac. Hide & Fur Depot v. Great Am. Ins. Co.*, No. CV-12-36-BU-DLC, 2013 WL 11029340, at *3 (D. Mont. July 31, 2013) ("[T]his Court finds that claims between Defendant and other insureds with policies similar to Plaintiff's policy [are] relevant and discoverable."); *Ivy Hotel San Diego, LLC v. Hous. Cas. Co.*, No. 10cv2183-L (BGS), 2011 WL 13240367, at *6 (S.D. Cal. Oct. 20, 2011) ("Discovery of other insureds' claims files is relevant to show the insurer's interpretation of the policy language at issue."). That said, where courts have ordered the production of other insureds' claims files, courts

---

[11] Joint Disc. Ltr. – ECF No. 218.

[12] Order – ECF No. 229 at 5.

have closely limited the scope of the production. For example, in *Ivy Hotel San Diego, LLC*, the court limited the production "to non-privileged documents from claims files that involve an express contract or other similarly worded exclusion" and ordered the parties to "meet and confer and determine the specific types of documents that [the plaintiff insured] wants produced." 2011 WL 13240367, at *7.

As Factory Mutual points out, the 2015 amendments to Rule 26 changed the rule to emphasize proportionality such that it was no longer "good enough to hope that the information sought might lead to the discovery of admissible evidence."[13] *Gilead Scis., Inc. v. Merck & Co.*, No. 5:13-cv-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016). But Micron has done more than merely speculate that the information in the claim files may be relevant. Micron has, for example, asserted that "Benjamin Lin, [Factory Mutual's] supervising claim adjuster for the Micron claim, testified that he shared and discussed with the [Factory Mutual] adjuster handling the Intel claim the reports of the consultants [Factory Mutual] retained to support [Factory Mutual's] denial of coverage for Micron's claim."[14]

Additionally, the fact that Micron has not identified a particular ambiguity is not — as Factory Mutual maintains — grounds to deny its request for information concerning other claims. *Ivy Hotel San Diego, LLC*, 2011 WL 13240367, at *3 ("Whether or not the contract is ambiguous is not the inquiry at the discovery stage."). Furthermore, Factory Mutual's reliance on *W. Marine Prods., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA* for its position that Micron's failure to identify a specific ambiguity in the insurance contract bars it from obtaining extrinsic evidence in discovery is misplaced.[15] 572 F. Supp. 3d 841 (N.D. Cal. 2021). In that case, the court held that "[t]he policies at issue . . . [were] not ambiguous" while considering a motion to dismiss and denied the plaintiff's request to explore the "theoretical possibility that extrinsic evidence may exist that could expose an ambiguity in the policies at issue" through discovery. *Id.* at 848. The

---

[13] Req. for Leave to File Mot. for Recons. – ECF No. 234 at 20.

[14] Joint Disc. Ltr. – ECF No. 218 at 2.

[15] Req. for Leave to File Mot. for Recons. – ECF No. 234 at 18–19.

context here is different. This is a discovery dispute, not a motion to dismiss, and the court has not held that the subject policy is unambiguous. Factory Mutual's reliance on *Northfield Ins. Co. v. Pizano* is similarly unpersuasive because that case involved a request to conduct additional discovery under Rule 56(d) in opposition to a motion for summary judgment.[16] No. 2:19-cv-01198-TLN-JDP, 2022 WL 104262, at *6 (E.D. Cal. Jan. 11, 2022). Thus, there is no reason to reconsider the court's prior determination on relevancy.

Concerning the burden on Factory Mutual and its insureds, Factory Mutual has presented new details concerning the time that was required to prepare the claims files for production and the nature of the objections it has received from its insureds. For example, Factory Mutual states that its attorneys have spent many hours on the production and expect to spend many more hours.[17] In the underlying discovery dispute, it estimated that pre-production document review "would require significant manpower and resources, likely well in excess of 200 manhours."[18] These facts concerning the specific amount of time spent do not warrant reconsideration because they are not new or different facts relative to what the court previously considered. And — as the court noted in its order — burdens that resulted from Factor Mutual's own record-keeping practices cannot be used to shield it from discovery.[19] *Lou v. Ma Lab'ys, Inc.*, No. 12-cv-05409 WHA (NC), 2013 WL 12328278, at *2 (N.D. Cal. Mar. 28, 2013), *clarified on denial of reconsideration*, No. 12-cv-05409 WHA (NC), 2013 WL 1615785 (N.D. Cal. Apr. 15, 2013) ("[D]efendants are the master of their own record keeping.").

Factory Mutual has also provided new details concerning objections it has received from non-party insureds regarding the disclosure of the claim files. For instance, the insureds have (1) asked to review the files before production, (2) expressed concerns about disclosing information to Micron even under the protective order based on their commercial relationship with Micron, and

---

[16] *Id.* at 19.

[17] Munro Decl. (Sealed) – ECF No. 233-8 at 4 (¶¶ 4–5).

[18] Joint Disc. Ltr. – ECF No. 218 at 5.

[19] Order – ECF No. 229 at 6.

ORDER – No. 18-cv-07689-LB            7

(3) stated that they are considering direct intervention to object to the production.[20] That said, one non-party insured contends that its files do not need to be produced because its claim falls outside the scope of the discovery order "because [the insured's] claim does not involve a 'semiconductor fabrication plant.'"[21] Accordingly, the burden on the non-party insureds may not be as great as Factory Mutual contends given that the court already limited the scope of Micron's requests to "claims in the semiconductor industry (meaning semiconductor fabrication plants)."[22]

Moreover, Micron has been amenable to modifying the existing protective order and has submitted a declaration describing efforts to negotiate amendments to the protective order with Intel and Samsung.[23] Protective orders with attorneys'-eyes-only (or AEO) provisions help courts "balance the risk of inadvertent disclosure of trade secrets to competitors against the risk that the protection of such information will impair a plaintiff's ability to prosecute its case." *Pinterest, Inc. v. Pintrips, Inc.*, No. 13-cv-04608-RS (KAW), 2014 WL 5364263, at *3 (N.D. Cal. Oct. 21, 2014) (denying request to nominate the plaintiff's Deputy General Counsel as "Designated House Counsel" under the stipulated protective order because his interest in the protected attorneys'-eyes-only information went beyond the subject litigation). But protective orders are not always a cure-all when it comes to non-party discovery. *Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA (JSC), 2017 WL 3581171, at *1 (N.D. Cal. Aug. 18, 2017) (holding that attorneys'-eyes-only protective orders "do not guarantee that the information will not be disclosed" and "there is no rule that a competitor has to reveal its trade secrets merely because they are produced subject to a protective order").

To address the new information regarding the specific burdens on Factory Mutual and its non-party insureds, and the limited ability of protective orders to shield non-parties' trade secrets, the court modifies its prior order by (1) limiting the scope of the required production to documents

---

[20] Correspondence from Insureds, Exs. A–D to Brooslin Decl. (Sealed) – ECF Nos. 233-4 at 3, 233-5 at 3, 233-6 at 3–4, 233-7 at 3.

[21] Correspondence from Insureds, Ex. C to Brooslin Decl. (Sealed) – ECF No. 233-6 at 3–4.

[22] Order – ECF No. 229 at 7.

[23] Rizk Decl. – ECF No. 242-1 at 4 (¶¶ 11–15).

that involve the interpretation or application of policy language and (2) expressly permitting the insureds fourteen days to review any documents before production. To the extent the non-party insureds still object to the production documents after reviewing the documents, the parties are ordered to meet and confer regarding (1) modifications to the existing protective order or, failing that, (2) an agreement to redact trade secrets that the non-party insureds contend cannot be adequately shielded by a protective order.

## 2. Certification for Interlocutory Appeal

Factory Mutual's alternative request for certification under § 1292(b) is denied as moot given the above-noted modifications to the court's prior order.

## CONCLUSION

The court amends its prior order (ECF No. 229) as follows. Factory Mutual is ordered to produce all documents responsive to Micron's Requests for Production Nos. 62–78 that (1) involve claims in the semiconductor industry (meaning semiconductor fabrication plants) and (2) include the interpretation or application of policy language. The responsive documents should be provided to the non-party insureds for review within fourteen days of the date of this order and the non-party insureds must be provided with an additional fourteen days to review any documents before production.

To the extent the non-party insureds still object to the production after reviewing the documents, the parties are ordered to meet and confer regarding (1) modifications to the existing protective order or, failing that, (2) an agreement to redact trade secrets that the non-party insureds contend cannot be adequately shielded by a protective order.

This resolves ECF No. 234.

**IT IS SO ORDERED.**

Dated: August 3, 2022

LAUREL BEELER
United States Magistrate Judge